IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-CV-00580-M-BM

| | |
|---|---|
| CURTIS STERLING MURDOCK, III, <br><br> Plaintiff, <br><br> v. <br><br> IRONPLANET, INC., JAKE LAWSON, BRIAN PARKS, and EMMA TUCKLEY, <br><br> Defendants. | ORDER |

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Brian S. Meyers. [DE 104]. After conducting a review of the pending motions, Judge Meyers recommends that the court grant Defendants' Motion to Dismiss [DE 34], deny Plaintiff's Motions to Consolidate [DE 80, 83], and dismiss all claims against defendants. [DE 104 at 42]. He instructed the parties to file any written objection to the M&R on or before August 27, 2024. *Id.* at 43. On August 22, 2024, Plaintiff submitted a "response" to the M&R. [DE 105]. This matter is now ripe for consideration.

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for

adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

Plaintiff's filing does not identify a specific error in the M&R's rationale. *See id.* He instead labels it "a miscarriage of justice" and argues that a similar claim brought by a white plaintiff was permitted to proceed to trial in an unspecified federal district court in California.[1] [DE 105 at 1]. Plaintiff does later state his believe that his motion to amend the court's basis for jurisdiction [DE 79, 86] should have been granted, but this is a conclusory objection concerning a non-dispositive motion appropriate ruled on by Judge Meyers. *See* Local Civil Rule 72.3(b) ("A magistrate judge may here and determine any procedural or discovery motion or other pretrial matter in a civil case, other than the motions specified in subsection (c)(1) of this rule."). In any event, as Plaintiff concedes, all parties reside or maintain their principal place of business in North Carolina. [DE 1 at 13, 1-1]. Because there is not complete diversity between Plaintiff and

---

[1] From the case number provided, the court believes Plaintiff is referring to a case brought in the Central District of California. *White v. T.W. Garner Food Co.*, 2:22-CV-06503 (C.D. Ca.). While *White* was ultimately dismissed upon the joint stipulation of the parties, it did survive a Rule 12(b)(6) challenge. *See* [DE 28]. Its claims were not, however, barred by claim preclusion or the relevant statute of limitations. *See generally id.* This is enough to distinguish *White* from the case at hand.

2

Defendants, subject matter jurisdiction could not be justified on the basis of diversity. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (citation omitted).

Upon a review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendants' Motion to Dismiss [DE 34] is GRANTED, Plaintiff's Motions to Consolidate [DE 80, 83] are DENIED, and all claims against Defendants are DISMISSED.

SO ORDERED this 13th day of January, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE